IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL J. SHEA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTIVE NO. H-11-3003 |
| | § | |
| ANNISE PARKER, Individually and as | § | |
| Mayor, City of Houston, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This is a property dispute. The plaintiff, Daniel Shea, has sued the City of Houston; Annise Parker, in her individual capacity and in her official capacity as the City's mayor; and the Richdale Group, doing business as Richdale Apartments. The following motions are pending:

- Shea has filed an "Emergency Request for T.R.O. Hearing or *Ex-Parte* Issuance." (Docket Entry No. 9). The Richdale Group opposes the motion. (Docket Entry No. 12).

- The Richdale Group has moved to dismiss Shea's first amended complaint. (Docket Entry No. 10). The City and Parker (collectively, the "City Defendants") also have moved to dismiss. (Docket Entry No. 14). Shea has not responded directly to this motion.

- Shea has abandoned all federal claims and has moved to remand the case to state court. (Docket Entry No. 16). The Richdale Group and the City Defendants oppose the motion. (Docket Entry Nos. 17, 18).

- Shea also has moved for leave to file a second amended complaint that deletes any reference to a federal cause of action and proposes to add a state-law fraud claim. (Docket Entry No. 19). The Richdale Group and the City Defendants oppose the motion. (Docket Entry Nos. 21, 23).

Based on the motions and responses, the record, and the applicable law, the motions for a temporary restraining order or emergency hearing to consider such an order are denied; the City's motion to dismiss is denied only insofar as it asserts that this court lacks subject-matter jurisdiction because Shea is seeking an "advisory opinion"; the City Defendants' and the Richdale Group's motions to dismiss are granted insofar as they seek to dismiss Shea's federal-law claims, based on his abandonment of those claims; and no ruling is made on the other challenges to the pleadings in the City Defendants' or the Richdale Group's motions to dismiss. Shea's motion for leave to amend is granted only to the extent that he seeks to delete any federal cause of action, but no ruling is made on whether the proposed state-law fraud claim is properly added. Shea's motion to remand is granted. The reasons for these rulings are explained below.

I.     **Background**

The factual allegations, which, if nonconclusory, this court must take as true for purpose of the motions to dismiss, come from Shea's first amended complaint and the documents attached. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). The Richdale Group planned to construct a 160-unit apartment complex with a 200-car parking garage fronting West Gray Street, a designated "major thoroughfare." (Docket Entry No. 4, ¶ 16 & Ex. B). The complex would also access Bell Street, "a narrow, one-block, 28' paved width street, with one-side parking and 'T' intersections on both ends." (*Id.*, ¶ 16). Because the complex would border a major thoroughfare, § 42-152 of the City's Code of Ordinances required a 25-foot building line. (*Id.*, Ex. B). The Richdale Group applied for a variance to reduce the requirement to a 15-foot building line so that it could construct a "small, parallel drive for the [complex's] leasing offices[.]" (*Id.*) To obtain a variance, an applicant must "document a reasonable hardship that staff can evaluate." (*Id.*,

Ex. A); *see also* HOUSTON, TEX. CODE OF ORDINANCES § 42-81 (regulatory definition of "variance"). Shea owned property on Bell Street.

On June 6, 2011, Shea, as a neighboring landowner, received notice from the City's Planning and Development Commission of the variance application and hearing. (*Id.*, ¶ 13 & Ex. A). The notice announced that the Commission would hold a hearing on the application on June 9. (*Id.*, Ex. A). Shea attended the hearing to oppose the variance. At the hearing, Shea

> pointed out to the Commission two glaring defects in the Richdale Application: (1) that the Commission lacked fundamental authority to grant the Variance because the applicant/defendant in the last sentence of its [application] admits that " . . . economic hardship is not the justification for the variance," and (2) the project does not meet the standards of the Traffic and Transportation Division which, upon information and belief, selectively uses the Institute of Transportation Engineers (ITE) GENERAL THRESHOLD RECOMMENDATION[.]"

(*Id.*, ¶ 16). Shea's complaints with the variance appear to be that it would create unacceptable "traffic safety-related risks" that would diminish his property's value. (*Id.*, ¶¶ 16–17).

The Commission granted the variance. Shea wrote a letter dated June 30, 2011 to a City attorney, alleging that the Commission's action of granting the variance was unlawful and that Parker and the City Council's "authority as duly elected officials is being usurped by the Planning Commission and staff." (*Id.*, Ex. E). Shea concluded his letter by stating that a lack of response would result in legal action. (*Id.*) Shea sued Parker and the Richdale Group in Harris County District Court on August 10. (Docket Entry No. 1, Ex. B). Among other claims, Shea alleged that the actions leading to the variance violated his equal protection and due process rights under 42 U.S.C. § 1983. (*Id.*, Ex. B, ¶ 18). The following day, the ancillary judge held a hearing. The judge

declined to issue a temporary restraining order and instead set a show-cause hearing for August 19 on Shea's request for such relief. (*Id.*, Ex. C).

The Richdale Group removed the suit to this court on August 16, on the basis of federal-question jurisdiction. (Docket Entry No. 1). On the same day, Shea filed an amended petition in the state court adding the City as a defendant, dropping the § 1983 claim, and alleging violations of §§ 1985(3) and 1986 and of the Texas Constitution. (Docket Entry No. 2, Ex. B). The Richdale Group filed an amended notice of removal on August 18. (*See* Docket Entry No. 2, ¶ 4 & Ex. F).

On August 18, Shea amended his federal-court complaint under Federal Rule of Civil Procedure 15(a)(1). This first amended complaint: (1) alleges that the City violated TEX. LOC. GOV'T CODE 54.039(f) by granting an unlawful variance, (Docket Entry No. 4, ¶¶ 20–22); (2) alleges that the City and the Richdale Group violated, and conspired to violate, Shea's due process rights under the Texas Constitution, (*Id.*, ¶¶ 31–33);[1] (3) asserts causes of action under 42 U.S.C. §§ 1985 and 1986 for a violation of Shea's federal due process rights, (*Id.*, ¶¶ 32, 36–37, 40); (4) seeks an injunction preventing the defendants from proceeding with the construction of the Richdale Group's complex, (*Id.*, ¶¶ 42–47); and (5) seeks a declaratory judgment against the City Defendants "that the Mayor's failure to follow Houston City Charter, art. VI, § 7a is, *inter alia*, tantamount to an expansion of her authority through the unlawful acquisition of veto power," (*Id.*, ¶ 28).

---

[1] This claim is titled "EQUITABLE CAUSE OF ACTION FOR VIOLATION OF TEX. CONST. ART. 1 § 19 AND CONSPIRACY TO VIOLATE TEX CONST. ART. 1, § 19." Within this claim, Shea also alleges a violation of his federal due process rights. (Docket Entry No. 4, ¶ 32). Thereafter, under the § 1985 cause of action, Shea states that "Plaintiff will prove that the defendants violated his constitutional rights to due process of law guaranteed to him under U.S. CONST. amends. V and XIV actionable under 42 U.S.C. § 1985[.]" (*Id.*, ¶ 37).

4

On August 30, Shea requested an emergency hearing in this court on his application for a temporary restraining order. This court heard and denied the requested relief on September 1. (Docket Entry No. 15).

Both the Richdale Group and the City Defendants have moved to dismiss on the basis that the amended complaint fails to state a cause of action. The City has also moved to dismiss on the basis that this court lacks subject-matter jurisdiction over the declaratory judgment claim. (Docket Entry Nos. 10, 14). Shea has filed notice that he is abandoning his federal claims and has moved to remand. (Docket Entry No. 16). Shea has also moved for leave to amend by deleting any reference to a federal claim, adding a state-law fraud claim, and again requesting a temporary restraining order. (Docket Entry No. 19).

The motions to dismiss, to amend, and to remand are addressed below.

## II. Analysis

The City Defendants have moved to dismiss Shea's constitutional claims on the basis that this court lacks subject-matter jurisdiction because "Shea is seeking an advisory opinion only[.]" (Docket Entry No. 14, at 6). The Richdale Group has moved to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c) on the basis that Shea has not stated viable claims for relief under § 1985(3) and the Texas Constitution. (Docket Entry No. 10, at 2).

In response, Shea has filed a notice that he is abandoning his federal-law claims under 42 U.S.C. §§ 1985 and 1986 and has moved to remand. (Docket Entry No. 16, ¶ 3). Shea states:

> What then remains in this case are state law claims only, *i.e.*, Judicial Review under TEX. LOC. GOV'T CODE § 54.039(f), Declaratory Relief under TEX. CIV. PRAC. CODE § 37.001, and Equitable Causes of Action under TEX. CONST. art. 1 § 19. The only federal causes of

> action that were pled in state court are the § 1985(3) and § 1986
> claims.

(*Id.*, ¶ 4).

The City Defendants respond that because federal jurisdiction unquestionably exists on the face of the first amended complaint, the pleading on file at the time of removal and the only pleading properly before the court at this time, remand is improper. (Docket Entry No. 18, at 3–4). They also respond that even without the §§ 1985(3) and 1986 claims, "Shea's complaint still has a federal question because it cites a federal statute, § 1983." (*Id.*, at 4). Shea, meanwhile, has moved for leave to file a second amended complaint. (Docket Entry No. 19). It differs from the first amended complaint in that it omits any reference to federal law and adds a state-law fraud claim. (*Id.*, Ex. 1).

The first issue is the proper order to address the motions. The motion to dismiss directed to the federal causes of action under §§ 1985(3) and 1986 is granted based on Shea's abandonment of those claims. To the extent the motion for leave to amend seeks to delete the federal-law claims, the motion is granted. If Shea's motion to remand is granted, that would make it appropriate for the state court, not this court, to decide whether the state-law claims are validly pleaded and whether the motion for leave to amend to assert the additional state-law fraud claim should be granted. Accordingly, other than allowing the deletion of the federal-law claims from the proposed second amended complaint, this court does not rule on the motion to dismiss the state-law claims in the first amended complaint or on the motion for leave to file the proposed second amended complaint to add a new state-law claim. Instead, this court first considers whether this case should be remanded because only state-law claims remain.

The City Defendants argue that remand is improper even assuming that the claims asserted under §§ 1985(3) and 1986 are abandoned because the first amended complaint refers to § 1983. The only reference in that pleading to § 1983 is in the jurisdictional statement, which states, "The Constitutional deprivations are those of due process of law and equal protection of the laws, U.S. CONST. amends V and XIV, as statutorily implemented at 42 U.S.C. § 1983 *et seq.*" (Docket Entry No. 4, ¶ 1). The first amended complaint does not otherwise mention § 1983. Instead, it states that the alleged due process violations are "actionable under 42 U.S.C. § 1985[.]" (*Id.*, ¶ 37). No affirmative relief is sought under § 1983. Even assuming that Shea's invocation of "1983 *et seq.*" raises a claim under § 1983, (Docket Entry No. 4, ¶ 1), he has made it clear that he is abandoning that claim: "What then remains in this case are state law claims only[.]" (Docket Entry No. 16, ¶ 4).

The City Defendants' alternative argument against remand is that the complaint and first amended complaint—the pleading on file when the case was removed and when the motion to remand was filed—assert federal claims under §§ 1985(3) and 1986. It is clear that this case was properly removed and that this court has federal removal jurisdiction, even if the federal-law claims are abandoned. The issue is not the propriety of removal but rather the propriety of remand now that the lawsuit involves only state-law claims. In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988), the Supreme Court held that district courts have *discretion* to remand a properly removed case in which the only remaining claims are asserted under state law, over which the federal court has supplemental jurisdiction. The issue is whether this court should exercise its discretion to remand in this case. The Richdale Group argues that "[w]here, as here, 'it is apparent that by dropping [Plaintiff's federal claim] and moving for a remand, [Plaintiff] attempt[s] to engage in precisely the sort of forum manipulation proscribed by [the Supreme Court in] *Carnegie-Mellon*,'

7

this Court should retain supplemental jurisdiction over the state law claim." (Docket Entry No. 17, ¶ 11 (quoting *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (alterations in motion))).

In *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011), a divided panel of the Fifth Circuit recently held that a district court abused its discretion in declining to remand a case under circumstances similar to those present here. Clarence Enochs filed suit against Lampasas County in Texas state court, alleging violations of 42 U.S.C. §§ 1983 and 1985 and state law. The County timely and properly removed to federal court, then moved to dismiss the § 1985 claim and one state-law claim. Enochs responded by moving to amend to delete all federal-law claims and by separately moving to remand. Both motions were filed on the same day. *Id.* at 157. The district court granted Enochs's motion to delete all federal claims. The court nevertheless denied the motion to remand, though without "re-examin[ing] its jurisdiction over the Texas state law claims[.]" *Id.* at 158. The case, containing only state-law claims, proceeded in the district court, and eventually the court granted summary judgment for the County. *Id.* On appeal, the Fifth Circuit reversed.

The Fifth Circuit first balanced the 28 U.S.C. § 1367(c) statutory factors a court must weigh in determining whether to remand or retain jurisdiction in a suit that no longer has federal claims:

> The overall balance of the statutory factors is important. *See, e.g., Mendoza* [*v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)]. The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *see also United Mine Works of Am. v. Gibbs*, 383 U.S. 615, 726–27 (1966) (setting forth the common law precursor to § 1367(c)).

*Enochs*, 641 F.3d at 159. The Fifth Circuit concluded that the factors weighed in favor of remand. Under the first factor, the Texas Supreme Court had not provided guidance on one of Enochs's state-law claims and on one of his arguments. The second and third factors clearly weighed in favor of remand because no federal claims remained. The fourth factor weighed in favor of remand, "as the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *Id.*

The Fifth Circuit examined the common law factors listed by the Supreme Court in *Carnegie-Mellon*: "judicial economy, convenience, fairness, and comity." *Id.* (citing *Carnegie-Mellon*, 484 U.S. at 350). Judicial economy favored remand because "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims)." *Enochs*, 641 F.3d at 159. The district court did not have intimate familiarity with the state-law claims when the case became a purely state-law dispute. *Id.* at 159–60. Two of the state-law claims had not been briefed. *Id.* at 160. Because the case was at such an early stage, on remand "[t]here would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little had been done at that point." *Id.* at 159. The same reasons meant that remand would not inconvenience the parties. *Id.* at 160. Fairness also weighed in favor of remand, because "it was certainly fair to have the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Id.* Finally, comity weighed strongly in favor of remand. "[C]omity demands that the important interests of federalism and comity be respected by federal courts, which are courts

9

of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Id.* (internal quotation marks omitted).

The Fifth Circuit also addressed the issue raised by the Richdale Group: forum manipulation. The Fifth Circuit noted that it was "the only issue that arguably favored the retention of jurisdiction[.]" *Id.* The Fifth Circuit explained that Enochs's maneuver—filing a complaint in state court that contained federal and state-law claims, and, after removal, moving to dismiss the federal claims and seeking remand—"is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Id.* (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999); and *Brown*, 901 F.2d at 1255). The Fifth Circuit continued:

> Guarding against improper forum manipulation is only one of the important considerations we examine in determining whether a district court abused its discretion in failing to remand. It is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to balance.

*Id.* at 160–61. "Our general rule," the court explained, "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.* at 161 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)). The court strongly cautioned district courts against exercising jurisdiction over lawsuits involving only supplemental state-law claims: "The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law." *Enochs*, 641 F.3d at 163; *see also id.* at 161 ("Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid '[n]eedless decisions of state law' such as the decisions the district court made on the merits

of Enochs's Texas state law claims." *Enochs*, 641 F.3d at 161 (quoting *Gibbs*, 383 U.S. at 726 (alteration in *Enochs*))).

Applying *Enochs* to this dispute leads to the conclusion that remand is appropriate. The statutory factors favor remand, though not as strongly as in *Enochs*. The first statutory factor—whether the state-law claims raise novel or complex issues of state law—favors remand. As the Richdale Group correctly points out, Texas courts generally analyze state due-process claims using the same principles as federal due-process claims, *see Nat'l Collegiate Athletic Ass'n v. Yeo*, 171 S.W.3d 863, 867 (Tex. 2005)); *see also In re B.G.*, 317 S.W.3d 250, 252 n.2 (Tex. 2010) (treating claims brought under the Texas and federal due-process clauses the same). But the other state-law claims, which involve local administrative law as well as (perhaps) a local separation-of-powers issue, are more novel. Without citing case law, the City Defendants have argued in their motion to dismiss that a court lacks jurisdiction to review the Commission's decision. (Docket Entry No. 14, at 6–8). The determinations of whether a court has such jurisdiction and, if jurisdiction exists, whether the Commission acted lawfully in granting the variance involve issues of state and local law. Shea additionally seeks a declaratory judgment that Parker has exceeded the authority granted her under the Houston City Charter by acquiescing in the Commission's (allegedly unlawful) variance grant. This, too, is a matter of local law. Although the Texas due-process claims may not differ from their counterparts under federal law, this court cannot readily conclude the same for the other two state-law claims. The first § 1367(c) factor therefore favors remand.

The second and third § 1367(c) factors strongly favor remand: all that remains in this case are state-law claims. The fourth factor favors remand: the balance of the common-law factors

support remand, a reason to decline to exercise jurisdiction. *See Enochs*, 641 F.3d at 159. All of the § 1367(c) factors support remand.

The remaining *Carnegie-Mellon* factors of judicial economy, convenience, fairness, and comity also support remand. This case was removed to federal court on August 16. To date, the court has held one hearing and discovery has not begun. Shea withdrew his federal-law claims before this court conducted any analysis on their merits. The merits of the state-law claims have been briefed only minimally. The Richdale Group contends that "[j]udicial economy is not served by allowing [Shea] to continuously relitigate his meritless request for injunctive relief in the hopes of finally securing a positive result." (Docket Entry No. 17, ¶ 12). Shea previously has asked both the state court and this court to issue a temporary restraining order, without success. Whether this court or the state court rules on Shea's third request does not tip the judicial-economy scales toward retaining jurisdiction in federal court. And *Enochs* makes clear that judicial economy largely focuses on the resources the federal court has expended on the case up to the point of remand. *See* 641 F.3d at 159–60. Although this court is sympathetic to the Richdale Group's complaints about the resources it has spent in litigation before this court, much—if not all—of its work will apply in state court. The defendants will suffer minimal financial inconvenience by remanding the case to state court. Because the state and federal courts are both in Houston, there is no geographic inconvenience from remand. The third and fourth favors, fairness and comity, also favor remand. As *Enochs* emphasizes, it is both "certainly fair" to have the remaining state-law claims heard by a Texas state court, *id.* at 160, and consistent with interests of federalism.

That leaves the issue of forum manipulation. The Richdale Group vigorously objects to Shea's motion to remand, calling his maneuver—dropping all federal claims, and then moving to

remand—pure forum manipulation and "a bald-faced attempt to avoid a dismissal by this Court." (Docket Entry No. 17, ¶¶ 8, 11). But according to *Enochs*, Shea's maneuver "is not a particularly egregious form of forum manipulation, if it is manipulation at all." 641 F.3d at 160. In *Enochs*, a similar tactic of amending the complaint to delete all federal claims and then moving to remand "was not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand." *Id.* at 161. Similarly, according to the Fifth Circuit's decision in *Enochs*, Shea's approach does not constitute such egregious forum manipulation as to offset the overall balance of factors favoring remand.

In sum, this case is materially indistinguishable from *Enochs*, which is binding on this court. The motion to remand is granted.

## IV. Conclusion

The motion for a temporary restraining order, (Docket Entry No. 9), is denied. The motions to dismiss, (Docket Entry Nos. 10, 14), are denied only insofar as the City argues that this court lacks subject matter jurisdiction to issue an "advisory" opinion, granted as to dismissal of the federal-law claims and otherwise not ruled on. The motion for leave to amend, (Docket Entry No. 19), is granted insofar as Shea seeks to delete the federal-law claims and otherwise not ruled on. Shea's motion to remand, (Docket Entry No. 16), is granted. The case is remanded to the 113th Judicial District Court of Harris County, Texas.

SIGNED on November 14, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge